Christopher M. Schierloh (CS-6644)
Gregory G. Barnett (GGB-3751)
CASEY & BARNETT, LLC
317 Madison Ave; 21st Floor
New York, N.Y. 10017
(212) 286-0225
Attorneys for Plaintiffs



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

CHIQUITA INTERNATIONAL LIMITED and GREAT
WHITE FLEET LIMITED

                Plaintiffs,

              - against -

M/V CLOUDY BAY her engines, boilers, tackle, furniture,
apparel, etc., *in rem*; CLOUDY BAY SHIPPING CO., and
SEATRADE GROUP N.V. CURACAO, *in personam*.

              Defendants.

------------------------------------------------------------------X

08 CV 1041

2008 Civ.

**VERIFIED COMPLAINT**

Plaintiffs, CHIQUITA INTERNATIONAL LIMITED (hereinafter "CHIQUITA"), and

GREAT WHITE FLEET LIMITED (hereinafter "GWF"), by and through their attorneys, Casey

& Barnett, as and for their Verified Complaint against M/V CLOUDY BAY *in rem*; CLOUDY

BAY SHIPPING CO., and SEATRADE GROUP N.V. CURACAO *in personam* in a cause of

action both civil and maritime, respectfully allege upon information and belief:

**JURISDICTION**

   1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal

Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General

Maritime Law of the United States.

## THE PARTIES

2.  At all material times, CHIQUITA was and is a corporation organized and existing by virtue of the laws of a state or country other than New York with an office and place of business at 7 Reid Street Suite 109 Hamilton HM JX Bermuda.  CHIQUITA was and is engaged, *inter alia*, in the importation, distribution and sale of fresh fruit, including bananas, into Europe and the Mediterranean and was the owner and or successor in title to a cargo of bananas loaded onboard the M/V CLOUDY BAY in May 2006.

3.  At all material times, GWF was and is a corporation organized and existing by virtue of the laws of a state or country other than New York with an office and place of business at 7 Reid Street Suite 109 Hamilton HM JX Bermuda.  GWF was and is engaged, *inter alia*, in the transportation of fresh fruit, including bananas, into Europe and the Mediterranean and was the charterer of the M/V CLOUDY BAY in May/June 2006.

4.  At all material times, the M/V CLOUDY BAY was and is an oceangoing refrigerated cargo vessel built in 1984, that is flagged in Malta, has the call sign 9HBM7, which engages in the common carriage of merchandise by water for hire between various foreign and domestic ports and which is now, or will be during the pendency of this action, within the jurisdiction of this Honorable Court.

5.  Upon information and belief, at all material times, defendant Cloudy Bay Shipping Company (CB Shipping) is a foreign company with an office address of c/o Seatrade Groningen B.V., 200, Laan Corpus den Hoorn, Groningen NETHERLANDS which owns, operates, manages and/or charters ships, including the M/V CLOUDY BAY, that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro*

*hac vice*, charterer, manager and/or operator of the M/V CLOUDY BAY, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

6. Upon information and belief, at all material times, defendant Seatrade Group N.V. CURACAO (Seatrade) is a foreign company with an office address of 200, Laan Corpus den Hoorn, Groningen NETHERLANDS and owns, operates, manages and/or charters ships, including the M/V CLOUDY BAY, that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V CLOUDY BAY, and at all relevant times, was and still is doing business within the jurisdiction of this Honorable Court.

## FACTS

7. On or about May 3, 2006 Seatrade entered into a refrigerated vessel time charter for the M/V CLOUDY BAY with Great White Fleet to carry Chiquita bananas from Ecuador and Costa Rica to Italy, Greece and Turkey.

8. After loading in Guayaquil, Ecuador, the vessel proceeded to Costa Rica to load additional fruit.

9. On or about May 12, 2006, CHIQUITA and/or their representatives delivered to the *in personam* defendants and the M/V CLOUDY BAY, at the port of Moin, Costa Rica, a cargo of bananas consisting of 76,558 boxes of fresh green bananas, owned by and/or consigned to plaintiffs, in good order and condition, for carriage aboard the M/V CLOUDY BAY, to Mersin, Turkey, all in consideration of an agreed freight and in accordance with the terms of one or more bills of lading, including but not limited to bill of ladings numbers 1 to 5 dated May 12, 2006, which were then and there signed and delivered to the shipper of the cargo by the duly

authorized agent, representative and/or employee of the *in personam* defendants and the M/V CLOUDY BAY.

10. Plaintiffs refer to said bills of lading for greater certainty as to the contracts of carriage which they represent and will produce the originals or copies thereof at trial.

11. The vessel first discharged in Aegion on May 29th and 30th, then proceeded to Mersin for discharge.

12. On or about June 2, 2006, during discharge in Mersin, it was observed that the cargo was damaged in the form of premature ripening and turning.

13. As a result of the damage to the fruit, CHIQUITA was forced to mitigate their loss by sorting through the fruit, dumping some of the fruit and selling other fruit at a reduced price from what they would have realized.

14. The losses sustained by CHIQUITA were not the result of any act or omission of plaintiffs but, on the contrary, were due solely as the result of the negligence, fault, neglect, breach of contracts of carriage, charter and bailment on the part of defendants as well as the unseaworthiness of the M/V CLOUDY BAY which was discoverable by the exercise of due diligence.

15. Further, as a result of the arrest, GWF was damaged in that they paid excess hire, port charges and bunkers. The losses sustained were not the result of any act or omission of plaintiffs but, on the contrary, were due solely as the result of the negligence, fault, neglect, breach of contracts of carriage and charter and bailment on the part of defendants as well as the unseaworthiness of the M/V CLOUDY BAY which was discoverable by the exercise of due diligence.

16. This action is brought on behalf of and for the interest of all parties who may be or may become interested in the claims herein referred to, as their respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

17. Plaintiffs and their predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said bills of lading and/or charter party.

18. By reason of the premises, plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, but which are presently estimated at $ 525,000.00 plus interest.

19. Plaintiffs have a maritime lien against the M/V CLOUDY BAY and *in personam* defendants for the damages referred to herein and will enforce that lien in these proceedings.

20. All and singular the matters alleged herein are true and correct.  Plaintiffs reserve the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, Plaintiffs pray:

1. That process in due form of law issue against *in personam* defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

2. That if the *in personam* defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment to secure plaintiffs' claims;

3. *In rem* service of process be issued against the M/V CLOUDY BAY, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

4. The M/V CLOUDY BAY, her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiffs;

5. The *in personam* defendants, CLOUDY BAY SHIPPING CO., and SEATRADE GROUP N.V. CURACAO be served with a copy of this Complaint, together with a summons to appear under oath and answer all and singular the matters aforesaid;

6. The Court order, adjudge and decree that *in personam* defendants, CLOUDY BAY SHIPPING CO., and SEATRADE GROUP N.V. CURACAO pay to plaintiffs the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

7. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals therefore; and

8. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

        Dated:  New York, New York
                January 31, 2008
                153-19

                                          CASEY & BARNETT, LLC
                                          Attorneys for Plaintiffs

                                          Christopher M. Schierloh (CS-6644)
                                          Gregory G. Barnett (GGB-3751)
                                          317 Madison Avenue, 21st Floor
                                          New York, New York 10017
                                          (212) 286-0225
                                          cms@caseybarnett.com
                                          ggb@caseybarnett.com

6

## ATTORNEY'S VERIFICATION

State of New York    )
                     )        ss:
County of New York  )

    1.      My name is Christopher M. Schierloh.

    2.      I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3.      I am an attorney in the firm of Casey & Barnett, LLC, as attorneys for the Plaintiff.

    4.      I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5.      The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6.      The source of my knowledge and the grounds for my belief are the statements made and the documents, and information, received from the Plaintiff and agents and/or representatives of the Plaintiff.

Dated: New York, New York
       January 31, 2008
       153-19

                                           Christopher M. Schierloh