UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
CHIQUITA INTERNATIONAL LIMITED :
and GREAT WHITE FLEET LIMITED  :
                                        :     08 CV 1041 (HB)
        Plaintiffs,          :

     -against -             :     ANSWER AND AFFIRMATIVE
                                        :     DEFENSES
M/V CLOUDY BAY, her engines, boilers :
tackle, furniture, apparel, etc., *in rem*; :
CLOUDY BAY SHIPPING CO., and :
SEATRADE GROUP N.V. CURACAO, :
*in personam*. :
                                       :
        Defendants.       :
------------------------------------------------------X

Defendants, M/V CLOUDY BAY, her engines, boilers, tackle, furniture, apparel, etc., *in rem*; CLOUDY BAY SHIPPING CO., and SEATRADE GROUP N.V. CURACAO, *in personam* ("Defendants"), by their attorneys, TISDALE LAW OFFICES, LLC, answering the Complaint of the Plaintiffs, CHIQUITA INTERNATIONAL LIMITED and GREAT WHITE FLEET, ("Plaintiffs"), dated January 31, 2008 respectfully shows to the Court and alleges upon information and belief as follows:

1.     Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2.     Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Complaint.

3.     Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Complaint.

4.     Defendants admit that the M/V CLOUDY BAY was and still is an oceangoing refrigerated cargo vessel building 1984, that is flagged in Malta, has the call sign 9HBM7, which engages in common carriage of merchandise by water for hire between various foreign and


domestic ports but lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Complaint.

5.   Defendants deny that Defendant Cloudy Bay Shipping Company operates within this district and was and is still doing business within the jurisdiction of this honorable Court, but admits the remainder of the allegations set forth in Paragraph 5 of the Complaint.

6.   Defendants deny that Defendant Seatrade Group NV Curacao was and is still doing business within the jurisdiction of this honorable Court, but admits the remainder of the allegations set forth in Paragraph 6 of the Complaint.

7.   Defendant Seatrade admits the allegations contained in Paragraph 7 of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 7 of the Complaint.

8.   Defendant Seatrade admits the allegations contained in Paragraph 8 of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 of the Complaint.

9.   Defendants deny that on or about May 12, 2006, CHIQUITA and/or their representatives delivered to the *in personam* defendants and the M/V CLOUDY BAY, at the port of Moin, Costa Rica, a cargo of bananas consisting of 76,558 boxes of fresh green bananas, owned by and/or consigned to plaintiffs in good order and condition. Defendants admit that a cargo of 76,558 boxes of bananas was delivered to the M/V CLOUDY BAY. Defendants deny the remainder of the allegations in Paragraph 9 of the Complaint.

10.   The allegations in Paragraph 10 of the Complaint do not warrant a response.

11.   Defendants admit the allegations in Paragraph 11 of the Complaint.

12.   Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Complaint.

17. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint and have no response to the allegations by Plaintiffs reserving their rights to amend and supplement the complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action against this Defendant for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not a real party-in-interest.

## THIRD AFFIRMATIVE DEFENSE

The United States Carriage of Goods by Sea Act provides in § 1304 thereof, among other things, as follows:

> "(2)    Neither the carrier nor the ship shall be held responsible for loss or damage arising or resulting from ...

    i)    Act of omission of the shipper or owner of the goods, his agent or representative;

    (m)    Wastage in bulk or weight or any other loss or damage arising from inherent defect, quality or vice of the goods;

    (n)    Insufficiency of packing;

    (p)    Latent defects not discoverable by due diligence; and

    (q)    Any other cause arising without the actual fault of the privity of the carrier and without the fault or neglect of the agents or servants of the carrier, but the burden of proof shall be on the person claiming the benefit of this exception to show that neither the actual fault of privity of the carrier nor the fault or neglect of the agents or servants of the carrier contributed to the loss or damage.

The Defendants claim the benefit of the above-listed defenses.

### FOURTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over these Defendants.

### FIFTH AFFIRMATIVE DEFENSE

This action should be dismissed on the grounds of improper venue.

### SIXTH AFFIRMATIVE DEFENSE

The contract of carriage entered into between Plaintiff Great White Fleet and Defendant Seatrade provides for disputes to be resolved at London arbitration. The Complaint should therefore be dismissed as against Seatrade.

### SEVENTH AFFIRMATIVE DEFENSE

This action should be dismissed or transferred on the basis of *forum non conveniens*.

### EIGHTH AFFIRMATIVE DEFENSE

Any loss, shortage, or damage to the aforementioned shipment, which is denied, was caused by the act or omission of the Plaintiff, its agent(s), or representative(s), and accordingly the Defendants may not be held liable therefore.

### NINTH AFFIRMATIVE DEFENSE

Any loss or damage to Plaintiff's cargo, which is denied, was caused and/or contributed to by the Plaintiff, its subrogor, agent(s) or representative(s) or other third parties for whom the Defendants are not responsible, and Plaintiff's claim is therefore barred, or, in the alternative, should be reduced in accordance with its proportionate fault.

### TENTH AFFIRMATIVE DEFENSE

The claim sued on is barred by the applicable statute of limitations, 46 U.S.C. § 1306(6) and/or the equitable doctrine of laches.

WHEREFORE, the Defendants respectfully request judgment as follows:

A. Dismissing the Complaint against them and awarding them the costs and disbursements of this action;

B. For such other, further and different relief as this Court may deem just and proper.

Dated: July 14, 2008
New York, NY

The Defendants
CLOUDY BAY SHIPPING CO., SEATRADE GROUP N.V. CURACAO, and M/V CLOUDY BAY

By: _____
Claurisse Campanale Orozco (CC3581)
Thomas L. Tisdale
Tisdale Law Offices, LLC
11 West 42d Street, Suite 900
New York, NY 10036
(212) 354-0025
(212) 869-0067
corozco@tisdale-law.com
ttisdale@tisdale-law.com